

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00112-CR
No. 07-26-00113-CR

**GBOLAHAN ODULATE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F24-1812-462 & F24-1813-462, Honorable Vicki Barbee Isaacks, Presiding

July 29, 2026

## ORDER OF ABATEMENT AND REMAND

**Before PARKER, C.J., and YARBROUGH and PRATT, JJ.**

Appellant, Gbolahan Odulate, appeals his convictions for aggravated assault[1] and the concurrent three-year sentences imposed for each conviction.[2]  Appellant's brief was originally due April 20, 2026, but we granted Appellant's counsel three extensions to file a brief due to counsel's caseload.  By letter of June 26, 2026, we admonished Appellant's

---

[1] *See* TEX. PENAL CODE §22.02.

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE § 73.001.

counsel that no further extensions would be granted and that failure to file a brief by July 20, 2026, would result in the appeals being abated and the causes remanded to the trial court for further proceedings without further notice. On July 21, 2026, Appellant's counsel filed a fourth motion requesting a thirty-day extension to file a brief.

In the interest of conservation of judicial resources, we deny Appellant's fourth motion for extension, abate the appeals, and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.      whether Appellant still desires to prosecute the appeals;

2.      whether Appellant is indigent;

3.      if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4.      why a timely appellate brief has not been filed on behalf of Appellant;

5.      whether Appellant's counsel has abandoned the appeals;

6.      whether Appellant has been denied the effective assistance of counsel;

7.      whether new counsel should be appointed; and

8.      if Appellant desires to continue the appeals, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 1, 2026. If it is determined that Appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new

counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before the date the trial court acts per our directive, he shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.